In the Matter of the Will of JOHN B. WILLOUGHBY, Deceased. FRANCIS EDWARD EVANS, H. B. M. Consul General at New York, for WINIFRED A. BENDALL et al., Appellant; JOHN H. FELLOWS et al., as Executors of JOHN B. WILLOUGHBY, Deceased, et al., Respondents.— Amended decree of the Westchester County Surrogate's Court, construing the last will and testament of decedent, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

DAVID A. JACK, Respondent, v. SAKS & COMPANY, Appellant.— Action to recover damages for personal injuries sustained when plaintiff, while delivering merchandise at defendant's delivery office, fell down a chute located at one side of the room. Judgment entered in favor of plaintiff upon the verdict of a jury reversed on the facts and a new trial granted, with costs to abide the event, unless within ten days from the entry of the order hereon plaintiff stipulate to reduce the verdict to the sum of $6,617.12, in which event the judgment, as so reduced, is unanimously affirmed, without costs. No opinion. Hagarty, Acting P. J., Carswell, Johnston, Adel and Aldrich, JJ., concur.

CHARLES KANE et al., Appellants, v. ALICE Fox, Respondent.— Appeal by plaintiffs from an order which, upon reargument, granted a motion by defendant for judgment on the pleadings, and dismissed the amended complaint, in an action to establish and enforce an alleged oral agreement to hold certain moneys on deposit in two savings bank accounts in statutory joint account form (Banking Law, § 239, subd. 3) in the name of one Emma Kane, since deceased, and the defendant, payable to either or the survivor. Order unanimously affirmed, with ten dollars costs and disbursements. This court construes the allegations of the complaint as indicating joint accounts in the statutory form. It construes the allegations of paragraphs "Seventeenth" and "Eighteenth" as sufficiently broad in favor of the plaintiffs to constitute an allegation of an oral agreement on the part of the deceased and the defendant, made after the opening of the joint accounts, that the balance in the banks at the date of death should be divided among plaintiffs and defendant. Nevertheless, under the decisions of the Court of Appeals, since the controversy relates to moneys in the banks when Emma Kane died and not to any withdrawals prior thereto, it is the duty of the court to give effect to the statutory provision that the making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either the savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor. (*Moskowitz* v. *Marrow*, 251 N. Y. 380; *Marrow* v. *Moskowitz*, 255 N. Y. 219; *Matter of Porianda*, 256 N. Y. 423; *Inda* v. *Inda*, 288 N. Y. 315.) Present — Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ.